**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-1326**

---

JOSHUA ANDREW WALLACE,

       Plaintiff - Appellant,

   v.

ED YEAGER; RICKEY RAGINS; MALENA BECKMAN,

       Defendants - Appellees,

   and

COUGAR COLUMBIA H, LLC, d/b/a Midlands Honda,

       Defendant.

---

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:23-cv-05903-MGL)

---

Submitted:  August 27, 2024                  Decided:  August 29, 2024

---

Before KING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Joshua Andrew Wallace, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On April 12, 2024, Joshua Andrew Wallace filed a notice of appeal in his civil action raising several claims against Defendants, including claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.  In the notice of appeal, Wallace referenced (1) the district court's order, entered January 23, 2024, adopting the magistrate judge's recommendation to dismiss the individual Defendants from Wallace's action; and (2) the magistrate judge's April 1, 2024, report, recommending that the district court grant the corporate Defendant's motion to dismiss.  We dismiss the appeal.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949).  And in civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

To the extent Wallace seeks to appeal the district court's January 23 order or the magistrate judge's April 1 report, neither filing qualifies as a final order, or as an appealable interlocutory or collateral order.  Apart from this, we observe that, on April 18, 2024, the district court entered a final, dispositive order adopting the magistrate judge's April 1 report.  While we recognize that "the doctrine of 'cumulative finality' authorizes us to exercise appellate jurisdiction where all claims as to all parties are disposed of while the

2

appeal is pending, and where the district court could have certified the challenged order for immediate appeal pursuant to Federal Rule of Civil Procedure 54(b)," *Williamson v. Stirling*, 912 F.3d 154, 170 (4th Cir. 2018), we conclude that the doctrine of cumulative finality does not cure the jurisdictional defect here.* Finally, to the extent Wallace seeks to appeal the district court's April 18 dispositive order, we lack jurisdiction because Wallace failed to file a separate notice of appeal as to that order. *See* Fed. R. App. P. 3(a)(1).

Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

* We note that, even if the district court could have certified the January 23 order "for immediate appeal pursuant to [Rule] 54(b)," *Williamson*, 912 F.3d at 170, Wallace's notice of appeal was filed 50 days beyond the 30-day appeal period and is therefore untimely.